IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE MORGAN,

    Plaintiff,                        No. 2: 09-cv-2155 WBS KJN P

    vs.

JOHN W. HAVILAND, et al.,        <u>ORDER AND</u>

    Defendants.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding without counsel with an action brought pursuant to Title II of the Americans with Disabilities Act ("ADA"). Pending before the court is the motion to dismiss brought by defendant California Department of Corrections and Rehabilitation ("CDCR"). After carefully considering the record, the undersigned recommends that defendant's motion be granted in part and denied in part.

II. <u>Legal Standard for Motion to Dismiss</u>

        A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'"  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1949).  The court accepts "all facts alleged as true and construes them in the light most favorable to the plaintiff."  County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1241 n.1 (9th Cir. 2009).  The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at 1071 (citations and quotation marks omitted).  The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defects.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

    In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  However, under the "incorporation by reference" doctrine, a court may also review documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation omitted and modification in original).  The incorporation by reference

doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Id.

III. Discussion

This action is proceeding on the original complaint filed August 5, 2009. Plaintiff is housed at California State Prison-Solano. Plaintiff alleges that he suffers from bipolar disorder and schizophrenia. Plaintiff takes antipsychotic medication. Plaintiff alleges that when the temperature outside exceeds ninety degrees, plaintiff is locked in his cell. Plaintiff also alleges that other inmates are allowed to remain on the yard, at work or in the day room when the temperature reaches ninety degrees. Plaintiff alleges that he will receive a prison disciplinary if he does not comply with the order to go to his cell. Plaintiff claims that his placement in his cell when the temperature reaches ninety degrees outside violates the ADA. Plaintiff seeks money damages and injunctive relief.

Defendants move to dismiss plaintiff's claim for injunctive relief because he is a member of the class in Coleman v. Schwarzenegger, No. S-90-520 JFM LKK P. A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

The Coleman class includes all inmates with serious mental disorders who are or

will be confined within the CDCR. (Defendant's Exhibits A, D, E.[1]) Inmates suffering from serious mental disorders including schizophrenia and bipolar disorder who do not have the ability to function without psychiatric intervention, including psychotropic medication, are included in the class. Coleman v. Wilson, 912 F.Supp.1282, 1300 n.15-16 (E.D. Cal. 1995). The undersigned agrees that plaintiff is a member of the Coleman class.

Defendant argues that defendant CDCR's "heat plan," of which plaintiff complains in this action, is under the jurisdiction of the court addressing the Coleman litigation. Defendant states that in 1992, the district court issued the Coleman heat plan injunction. In particular, a subclass of Coleman plaintiffs, "heat risk inmates" who were prescribed psychotropic drugs, were granted an injunction. (Defendants' Exhibit F.) Pursuant to this injunction, if the temperature exceeds ninety degrees outside of the facility, heat risk inmates "will be afforded the opportunity to return to their housing unit in order to take precautions to mitigate any potential heat related illness." (Id., at 9 of 28.) "The inmate will be afforded a ducat ... so that institution employees are aware of the ability of the inmate to return to this housing facility during such an event." (Id.) If the heat risk inmate is classified as "CAT J," these inmates shall be ordered to return to their housing facility.[2] (Id., at 9-10.)

In his opposition, plaintiff argues that defendants are not complying with the Coleman heat plan because heat risk inmates are required to be locked in their cells or else face a disciplinary infraction if the temperature outside exceeds ninety degrees. Plaintiff argues that under the terms of the Coleman heat plan, heat risk inmates are to be given the *opportunity* to be returned to their housing units, which includes the day room.

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] Plaintiff's complaint concerns prison procedures for when the temperature outside exceeds ninety degrees. For that reason, the undersigned will not discuss the Coleman heat plan regarding what occurs if the temperature inside exceeds ninety degrees.

4

After reviewing all of the pleadings, it appears that plaintiff is seeking enforcement of the portion of the Coleman heat plan that grants heat risk inmates the opportunity to remain on the yard or else return to their housing units.

Plaintiff's claim that defendant has failed to comply with the terms of the Coleman heat plan involves the same subject matter of the Coleman class action. In addition, while plaintiff's action is brought pursuant to the ADA and Coleman is brought pursuant to 42 U.S.C. § 1983, both actions involve the same subject matter. Accordingly, defendant's motion to dismiss plaintiff's claim for injunctive relief should be granted. Because plaintiff seeks enforcement of the Coleman heat plan, the undersigned will order service of plaintiff's complaint on class counsel for Coleman.

Defendant moves to dismiss plaintiff's claim for damages on grounds that plaintiff has not demonstrated intentional discrimination.

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

Damages are not available under Title II of the ADA absent a showing of discriminatory intent. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id., at 1139.

To satisfy the first requirement for a showing of deliberate indifference, a plaintiff must identify a specific, reasonable and necessary accommodation that the public entity has failed to provide, and must have notified the public entity of the need for accommodation. Id., at

1138. In the instant case, plaintiff alleges that defendant failed to allow him to remain on the yard or to go the day room, rather than being locked in his cell, when the temperature outside exceeded ninety degrees. Plaintiff argues that these accommodations were reasonable. Plaintiff also contends that other inmates were allowed to remain in the day room or on the yard when the temperature outside exceeded ninety degrees. Plaintiff argues that by forcing him to go on lockdown at these times, defendant discriminated against him based on his disability. Based on these allegations contained in the complaint, the undersigned finds that plaintiff has adequately pled specific, reasonable and necessary accommodation that defendant failed to provide.

Attached as an exhibit to plaintiff's complaint is a copy of a grievance filed by plaintiff alleging that he is required to go to his cell when the temperature outside reaches ninety degrees. Also attached as an exhibit is a copy of the Director's Level Appeal Decision denying this claim. These exhibits adequately establish that defendant had notice of this grievance.

The second element of deliberate indifference requires a showing that the entity deliberately failed to fulfill its duty to act in response to the request for accommodation. Id., at 1139-40. Because plaintiff claims that defendant denied his request to stay on the yard or to go to the day room rather than being locked down in his cell when the temperature outside exceeded ninety degrees, the undersigned finds that plaintiff has adequately pled the second element of deliberate indifference.

Accordingly, defendant's motion to dismiss plaintiff's claim for damages should be denied.

Finally, defendant moves to dismiss this action as barred by the doctrine of res judicata. Coleman involved only equitable relief and not money damages.

> Moreover, the general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damage claims by class members, even if based on the same events. In fact, "every federal court of appeals that has considered the question has held that a class action seeking only declaratory or injunctive relief does not bar subsequent individual suits for damages." In re Jackson Lockdown/MCO Cases, 568 F.Supp. 869, 892 (E.D.Mich. 1983); see, e.g., Fortner v. Thomas, 983 F.2d 1024, 1030-32 (11th Cir.

1993) ("It is clear that a prisoner's claim for monetary damages or other particularized relief is not barred if the class representative sought only declaratory and injunctive relief, even if the prisoner is a member of a pending class action."); Wright, Miller, & Cooper, Federal Practice and Procedure: Jurisdiction § 4455 (1981 and 1995 Supp.) (collecting cases).

Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996).

Accordingly, plaintiff's action for damages is not barred by the doctrine of res judicata.

For the reasons discussed above, the Clerk of the Court is directed to serve a copy of plaintiff's complaint and this order on counsel for Coleman. In an abundance of caution, the Clerk is also directed to serve a copy of plaintiff's complaint and this order on counsel for Armstrong v. Schwarzenegger, a class action filed in United States District Court for the Northern District of California concerning ADA issues in California prisons.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall serve a copy of plaintiff's complaint and this order on Michael Bien, Esq., Rosen Bien & Galvan, LLP, 315 Montgomery Street, 10th Floor, San Francisco, CA, 94104;

2. The Clerk of the Court shall serve a copy of plaintiff's complaint and this order on Sara Norman Esq. and Allison Hardy, Esq., Prison Law Office, 1917 Fifth Street, Berkeley, CA, 94710;

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss (Dkt. No. 18) be denied as to plaintiff's request for money damages;

2. Defendant's motion be granted as to plaintiff's request for equitable relief; and

3. Defendant be ordered to answer the complaint within twenty days of the adoption of these findings and recommendations.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 8, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

morgan.mtd