IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE MORGAN,

    Plaintiff,                    No. 2: 09-cv-2155 WBS KJN P

    vs.

JOHN W. HAVILAND, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel with an action brought pursuant to Title II of the Americans with Disabilities Act ("ADA"). Pending before the court is defendants' April 15, 2011 motion for protective order. For the following reasons, defendants' motion is granted.

        In order to put defendants' motion in context, the undersigned will set forth plaintiff's allegations. This action is proceeding on the original complaint filed April 5, 2009. Plaintiff is housed at California State Prison-Solano. Plaintiff alleges that he suffers from bipolar disorder and schizophrenia. Plaintiff takes anti-psychotic medication. Plaintiff alleges that when the temperature outside exceeds ninety degrees, he is locked in his cell. Plaintiff alleges that other inmates are allowed to remain on the yard, at work, or in the day room, when the temperature exceeds ninety degrees. Plaintiff alleges that he will receive a prison disciplinary if

1

he does not comply with the order to go to his cell.  Plaintiff claims that his placement in his cell when the temperature reaches ninety degrees outside violates the ADA.

Pursuant to Federal Rule of Civil Procedure 26(b)(2)(c) and (c)(1)(A), defendants seek a protective order relieving them of responding to plaintiff's request for production of documents nos. 8 and 9.  Federal Rule of Civil Procedure 26(b)(2)(c) provides, in relevant part, that the court may limit the extent of discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff's request for production of documents no. 8 seeks "all documents you have in your possession or control which in any way relate to the heat plan that is the subject of this lawsuit."  Plaintiff's request for production of documents no. 9 seeks, "all memorandums [sic] from any person, concerning the heat plan that is the subject of this lawsuit."

Defendants state that the heat plan plaintiff refers to in his discovery requests is the heat plan under the jurisdiction of the Coleman v. Schwarzennegger class action lawsuit.  Defendants state that this heat plan has been the subject of litigation, remedial efforts and monitoring by the federal court for nearly two decades.  Defendants contend that the volume of materials that would have to be reviewed for potentially responsive documents is exceedingly large.  In her declaration attached to the pending motion, defense counsel states that for her to review all of the documents in Coleman for potentially responsive documents, and then to prepare a privilege log for those which cannot be disclosed, would require approximately a year to eighteen months to complete.

Defense counsel states that in response to plaintiff's requests, she sent him a copy of the docket sheet from the Coleman case.  Defense counsel suggested that plaintiff identify any relevant documents from the docket sheet and she would then attempt to provide them.  Defense counsel also suggested that plaintiff contact the attorneys representing the Coleman class for the documents he seeks.  Plaintiff apparently rejected these suggestions.

////

In his opposition, plaintiff argues that he is seeking only documents concerning the heat plan that is the subject of the instant action. Plaintiff contends that he is not seeking documents from the Coleman case. Because the heat plan that is the subject of this action originates from the Coleman class action, the undersigned finds that plaintiff's requests seeks documents from the Coleman litigation.

Defendants' claim that the burden of responding to plaintiff's requests outweighs the likely benefits has merit. Fed. R. Civ. P. 26(b)(2)(C). Requiring defense counsel to spend one year to eighteen months preparing defendants' response is overly burdensome. Defendants' suggestion that they provide plaintiff with documents he identifies after reviewing the Coleman docket sheet is not unreasonable. In the alternative, plaintiff's requests could be significantly narrowed in scope making responding to them less burdensome.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for protective order (Dkt. No. 33) is granted;

2. Plaintiff is granted twenty-one days to either serve defendants with a request for production of documents based on his review of the Coleman docket sheet or to serve a significantly narrowed request for production of documents; defendants shall respond to either request within twenty-one days thereafter.

DATED: May 16, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mo2155.po