IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE MORGAN,

    Plaintiff,                        No. 2: 09-cv-2155 WBS KJN P

    vs.

JOHN W. HAVILAND, et al.

    Defendants.                ORDER

_____/

I. Introduction

        Plaintiff is a state prisoner proceeding without counsel with an action brought pursuant to the Americans with Disabilities Act ("ADA"). Pending before the court is defendant's motion to compel filed May 12, 2011. For the following reasons, defendant's motion is granted in part and denied in part.

II. Plaintiff's Allegations

        This action is proceeding on the original complaint filed April 5, 2009, against defendant California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is housed at California State Prison-Solano. Plaintiff alleges that he suffers from bipolar disorder and schizophrenia. Plaintiff takes anti-psychotic medication. Plaintiff alleges that when the temperature outside exceeds ninety degrees, he is locked in his cell. Plaintiff alleges that other

inmates are allowed to remain on the yard, at work, or in the day room, when the temperature exceeds ninety degrees. Plaintiff alleges that he will receive a prison disciplinary if he does not comply with the order to go to his cell. Plaintiff claims that his placement in his cell when the temperature reaches ninety degrees outside violates the ADA. Plaintiff seeks money damages.[1]

III.  Discussion

Defendant seeks to compel further responses to fifteen interrogatories. After reviewing plaintiff's initial responses, defense counsel conferred with plaintiff in writing about the deficiencies in these responses. Plaintiff then provided supplemental responses which the undersigned now reviews.

*Interrogatory No. 1*

Interrogatory No. 1 asked, " Have you ever been diagnosed with a serious mental disorder?" In his supplemental response, plaintiff responded, "yes." The undersigned finds that plaintiff has adequately answered interrogatory no. 1.

*Interrogatories nos. 2-6*

Interrogatories Nos. 2-6 sought the following information:

Interrogatory No. 2: If the response to Interrogatory No. 1 is YES, identify each and every serious mental disorder with which you have been diagnosed.

Interrogatory No. 3: If the response to Interrogatory No.1 is YES, identify when you were diagnosed with each of the serious mental disorders listed in your responses to Interrogatory No. 2.

Interrogatory No. 4: Identify any and all anti-psychotic medications you are currently prescribed to treat the serious mental disorders listed in your response to Interrogatory No. 2.

Interrogatory No. 5: Identify any and all anti-psychotic medications you were taking during the summer of 2008.

Interrogatory No. 6: Identify any an all anti-psychotic medications you were taking during the summer of 2009.

---

[1] Plaintiff's claim for equitable relief was previously dismissed. (Dkt. No. 24.)

2

Plaintiff objected that interrogatories 2-6 were oppressive and burdensome, and that the information was equally available to defendant.

Plaintiff's objection that interrogatories 2-6 are oppressive and burdensome is without merit. In addition, as for plaintiff's objection that the information sought in these interrogatories is equally available to defendant, "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." St. Paul Reinsurance Co., Ltd., CNA v. Commercial Fin. Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000); see also City Consumer Servs., Inc. v. Horne, 100 F.R.D. 740, 747 (D. Utah 1983) ("It is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'" (citation omitted)); United States v. 58.16 Acres of Land, 66 F.R.D. 570, 573 (E.D. Ill. 1975) ("Generally, an interrogatory is proper although the information sought is equally available to both parties."); see also National Academy of Recording Arts & Sciences, Inc. v. On Point, 256 F.R.D. 678, 682 (C.D. Cal. 2009). Accordingly, defendant's motion to compel is granted as to interrogatories nos. 2-6.

*Interrogatory No. 7*

Interrogatory No. 7 asked, "State all facts that support your claim that the California Department of Corrections and Rehabilitations has violated the Americans with Disabilities Act as alleged in your complaint."

Interrogatory no. 7 is a contention interrogatory. "Contention interrogatories, directed to a pro se litigant, are rarely appropriate[.]" Nielsen v. Society of New York Hosp., 1988 WL 100197 at * 2 (S.D.N.Y. 1988); see also Pobursky v. Madera County, 2009 WL 1582847 at * 2 (E.D. Cal. 2009) ("The Court also noted, and the long, tortured history of discovery in this action demonstrates, the futility of contention interrogatories, *especially* in actions involving pro se plaintiffs). In this action, the undersigned finds that contention interrogatories are not appropriate. Accordingly, the motion to compel as to interrogatory no. 7 is denied.

*Interrogatory No. 8*

Interrogatory No. 8 asked, "Describe with specificity, all of the injuries that you claim you sustained or suffered as a result of the California Department of Corrections and Rehabilitation as alleged in your complaint." Plaintiff responded to interrogatory no. 8 in his supplemental response as stated herein:

> I was treated as hopelessly ill, of no potential less than human, and therefore fair game of segregation and exclusion. As a result of CDCR's actions, I suffered a violation of fundamental civil rights protection that had been given to blacks, women, gays and lesbians, then extended to mental disabled people through the passage of the Americans with Disabilities Act. A violation of the which legal redress in the form of damages are available.

In the motion to compel, defendant does not object to plaintiff's supplemental response but requests that there be evidentiary restrictions preventing plaintiff from presenting any facts or evidence not specifically contained within this response.

At the appropriate time, defendant may object if plaintiff seeks to present evidence not contained within this response. Because plaintiff has answered this interrogatory, and defendant has not objected to that response, the motion to compel as to interrogatory no. 8 is denied.

*Interrogatories 9-11*

Interrogatory no. 9 asked, " List with specificity your housing assignments beginning May 31, 2008 to present." Plaintiff responded, "Two building, cell 235, lower bunk." Plaintiff has adequately answered this interrogatory.

Interrogatories nos. 10-11 asked as follows:

> Interrogatory No. 10: During what dates and times in the summer of 2008 were you returned to your cell, and not given access to a dayroom, because the temperature reached 90 degrees or higher outdoors?
>
> Interrogatory No. 11: During what dates and times in the summer of 2009 were you returned to your cell, and not given access to a dayroom, because the temperature was 90 degrees or higher outdoors?

4

Plaintiff objected that responding to these interrogatories was burdensome because it would require him to search through CDCR files and records. Plaintiff argues that the Heat Plan Coordinator has this information.

In essence, plaintiff is arguing that the information sought in interrogatories nos. 10 and 11 is equally available to defendants. As discussed above, this is not a valid objection. Plaintiff's objection that obtaining this information would be overly burdensome is not valid. Accordingly, the motion to compel is granted as to interrogatories nos. 10 and 11.

*Interrogatories Nos. 12-14*

Interrogatory No. 12 asked, "What jobs have you held while in prison?" In his supplemental response, plaintiff responded, "electric vocation, school, building porter, main kitchen worker, dining hall worker, main kitchen worker, building porter."

Interrogatory No. 13 asked, "For each job identified in response to Interrogatory No. 12, what are the dates during which you held each job?" In his supplemental response, plaintiff responded, "Electric Vocation, 2001-2002; school, 2003; building porter, 2004 (?); main kitchen worker, 2004 (?) - 2005 (?); dining hall worker, 2006 (?); main kitchen worker, 2006 (?) - 2008); building porter, 2009 - present."

Interrogatory No. 14 asked, "For each job identified in response to Interrogatory No. 12, how much income did you earn hourly?" In his supplemental response, plaintiff responded, "Nothing, except for the 2006 main kitchen worker. That job has a maximum of $37.50 a month, which I think comes out to .25 per hour."

Defendant does not object to plaintiff's responses to interrogatories nos. 12-14. Instead, defendant requests that if the court permits plaintiff to stand on his supplemental responses, that evidentiary restrictions be imposed preventing plaintiff from presenting any facts or evidence not contained in the supplemental responses.

At the appropriate time, defendant may object if plaintiff seeks to present evidence not contained within these responses. Because plaintiff has adequately answered these

1  interrogatories, the motion to compel as to interrogatories nos. 12-14 is denied.

*Interrogatory No. 15*

Interrogatory No. 15 asks, " Have you ever been issued a Rules Violation Report for refusing to return to your cell when the outside temperature reached 90 degrees or higher?" In his supplemental response, plaintiff responded, "I've never refused to return to the cell when the outside temperature reached 90 degrees or higher."

Defendant does not object to plaintiff's response to interrogatory no. 15.  Instead, defendant requests that evidentiary restrictions be imposed preventing plaintiff from presenting any facts or evidence not specifically contained in his supplemental response.

At the appropriate time, defendant may object if plaintiff seeks to present evidence not contained within this response.  Because plaintiff has adequately answered this interrogatory, the motion to compel as to interrogatory no. 15 is denied.

*Sanctions*

Defendant has requested that evidentiary sanctions be imposed preventing plaintiff from producing evidence not disclosed in his discovery responses.  Evidentiary sanctions are not warranted as defendant may, at the appropriate time, move to limit plaintiff to his discovery responses.  Accordingly, the request for evidentiary sanctions is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to compel (Dkt. No. 37 is granted with respect to interrogatories nos. 2-6 and 10-11; within twenty-one days from the date of this order, plaintiff shall serve defendants with a second supplemental response to these interrogatories; defendant's motion to compel is denied in all other respects.

DATED: June 13, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mo155.com