IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE MORGAN,

    Plaintiff,                    No. 2: 09-cv-2155 WBS KJN P

  vs.

JOHN W. HAVILAND, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Pending before the court is plaintiff's June 2, 2011 motion to suppress his deposition transcript. Plaintiff argues that the transcript should be suppressed because he was not allowed to spend thirty days reviewing it. For the following reasons, this motion is denied.

        Plaintiff's declaration attached to his reply to defendants' opposition describes his version of events. Plaintiff alleges that on April 22, 2011, he was deposed by defense counsel. Plaintiff alleges that on May 16, 2011, he was called to the office of Correctional Counselor ("CC") Racklin. Plaintiff claims that CC Racklin told him that he wanted plaintiff to sign some paperwork. Plaintiff noticed that the paperwork was his deposition transcript. Plaintiff claims that he told CC Racklin that he had a right to "get" thirty days to review the transcript. CC Racklin then allegedly read to plaintiff a memorandum from the litigation coordinator stating that plaintiff was to "just sign it." Plaintiff told CC Racklin that he would not sign anything without

1

1  reviewing it.  Plaintiff claims that CC Racklin told him that he would call the Litigation
2  Coordinator and tell her what plaintiff said about his right to thirty days to review the transcript
3  then call plaintiff back to his office.  Plaintiff claims that he did not hear back from CC Racklin.
4          Federal Rule of Civil Procedure 30(e) provides,

> (1) On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer the transcript or recording is available in which :
>
> (A) to review the transcript or recording; and
>
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

10  Fed. R. Civ. P. 30(e).
11          As noted by defendants in their opposition to the pending motion, Federal Rule of
12  Civil Procedure Rule 30(e) only entitles plaintiff, upon request, to review and suggest changes to
13  a deposition transcript within thirty days after it becomes available.  In other words, Rule 30(e)
14  does not grant plaintiff thirty days to actually possess the deposition transcript in order to review
15  it.
16          Defendants also dispute plaintiff's representations regarding what occurred during
17  his meeting with CC Racklin.  In his declaration attached to the opposition, CC Racklin states
18  that plaintiff began reading the transcript in his office then requested that he be permitted to
19  remove the transcript so that he could review it in his cell or the day-room.  CC Racklin states
20  that he told plaintiff that he would have to review the transcript in his office.  Plaintiff then
21  allegedly told Racklin that he needed at least 8 hours to read the transcript and that he should
22  receive a copy as attorney of record.  Plaintiff then allegedly chose to stop reviewing the
23  transcript and left the office.
24          Giving plaintiff the benefit of the doubt, it appears that his refusal to review the
25  transcript was based on his mistaken belief that under Federal Rule of Civil Procedure 30(e) he
26  had thirty days to actually review the transcript.  For this reason, the motion to suppress is

1  denied. However, defendants are directed to allow plaintiff another opportunity to review the
2  transcript.
3        While Federal Rule of Civil Procedure 30(e) does not describe the conditions
4  under which a party is allowed to review a transcript, the amount of time certainly must be
5  reasonable. Defendants shall allow plaintiff two hours to review the transcript. In addition,
6  plaintiff's review of the transcript shall take place in either the office of CC Racklin or the
7  Litigation Coordinator.
8        Finally, regarding plaintiff's suggestion that he should be given a copy of the
9  transcript for his own records, while plaintiff has been accorded in forma pauperis status in this
10 action, thus entitling plaintiff to pay the full filing fee over time, 28 U.S.C. § 1915(b), this
11 determination does not waive costs associated with this litigation, including the cost of plaintiff's
12 deposition transcript. See, e.g., Tabron v. Grace, 6 F.3d 147, 159 (3rd Cir. 1993), and cases cited
13 therein; accord, Tuvalu v. Woodford, 2006 WL 3201096 (E.D. Cal. 2006). If plaintiff wants a
14 copy of the transcript for his own records, he will have to pay for it.
15       Accordingly, IT IS HEREBY ORDERED that:
16       1. Plaintiff's motion to suppress his deposition transcript (Dkt. No. 40) is denied;
17       2. Within twenty-one days of the date of this order, plaintiff shall be allowed to
18 review the deposition transcript under the conditions set forth above.
19 DATED: July 8, 2011

                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

mo2155.dep